## DOAK v. ANGLE & ANGLE et al.

No. 29021. Oct. 17, 1939.

Rehearing Denied Nov. 14, 1939.

H. B. Lockett, of Duncan, for plaintiff in error.

J. G. Clift, of Duncan, for defendants in error.

PER CURIAM. This action was brought by the plaintiff in error, hereafter referred to as plaintiff, against the defendants in error, hereafter referred to as defendants, to recover damages for an alleged breach of an agreement to purchase an interest in real estate.

The agreement upon which the plaintiff predicated his right to recovery was in words and figures as follows:

"Duncan, Oklahoma
"Dec. 7, 1935.

"Mr. Nail Doak,
"Duncan, Okla.

"Dear Mr. Doak:

"According to our conversation, I am writing you this letter. I agree to buy (400) acres of leases from you described as follows:

"Northeast Quarter and 60 acres out of South Half of Northwest Quarter of Section 1; and Northwest Quarter and West Half of Northwest Quarter of Northeast Quarter

of Section 12. all in Township 1 South, Range 5 West, containing 400 acres.

"I agree to pay $10.00 per acre for a commercial oil and gas lease with $1.00 rental; with the understanding that if you or I cause to get a well drilled in Southeast Quarter of Southwest Quarter of Southwest Quarter of Section 1, by February 15th, 1936, beginning operation, then in that event, I, W. M. Angle, or my assigns, agree to pay you, Nail Doak, $10.00 per acre more money for said 400 acres of leases on completion of well to be drilled in said location to a depth of 3250 feet.

"Yours truly,

"WMA/c           "W. M. Angle."

The plaintiff in his original petition pleaded the foregoing agreement, his acceptance of the terms thereof, and a full performance by him of all requirements therein contained and the refusal of defendants to perform their part of said agreement, and that he had been damaged thereby. Thereafter, in an amendment to said petition, the plaintiff alleged that by mutual agreement the parties had modified the former written agreement in certain respects. The defendants, after admitting the execution of the written agreement, pleaded that this was merely a memorandum and not the entire contract; denied that they had breached the agreement, and by cross-petition sought to recover damages for an alleged breach by the plaintiff. Plaintiff filed a reply in the form of a general denial. Upon the issues thus framed, the cause was tried to a jury. The jury returned a general verdict in favor of the defendants. The plaintiff appeals from the judgment rendered on said verdict and the order which overruled and denied his motion for new trial.

The plaintiff assigns 25 specifications of error, which he presents and discusses under five propositions, which are as follows:

"(1) Overruling plaintiff's special demurrer to defendant's amended answer.

"(2) Admission of parol evidence of oral agreements and understandings.

"(3) Permitting parol explanations of provisions of said 'propositions.'

"(4) By making such parol evidence and allegations of prior oral agreements and understandings an issue in this case.

"(5) By instructing the jury to consider such alleged oral agreements and understandings in the determination of plaintiff's right to recover herein."

It will not be necessary to discuss separately the contentions so made. It will be noted in substance that it is the contention of the plaintiff that the trial court erred in admitting certain evidence to explain the contract and in giving certain instructions.

The action was one to recover damages for breach of an agreement to purchase an interest in real estate, and the plaintiff had the burden of establishing his allegation that the defendants had breached the contract, and if he expected to recover more than nominal damages, then to prove the excess, if any, of the amount which would have been due him under the contract over the value of the property to him. (Section 9970, O. S. 1931, 23 Okla. St. Ann. § 28.) The evidence of the plaintiff at the trial of the cause was directed to establishing a breach of contract and wholly failed to show any damage which had resulted therefrom. Under these circumstances, the cause was properly submitted to the jury only upon the issue of whether there had been any breach of contract by the defendants, and except for this issue the court would have been compelled to sustain the demurrer to the evidence of the plaintiff. The jury by its verdict resolved the sole controverted issue in favor of the defendants, and since there is competent evidence in the record to sustain this verdict, we are concluded thereby. As said in the case of Central Commercial Oil Co. v. Indian Territory Illuminating Oil Co., 171 Okla. 30, 41 P.2d 683:

"Where a vendor sues a vendee for a breach of agreement to buy certain property, the measure of vendor's damages is controlled by section 9970, O. S. 1931, and in order for the vendor to recover, it is necessary for the vendor to establish by competent evidence the value of said property covered by said agreement."

The plaintiff failed to establish a right to recovery, and, hence, any errors in the admission of evidence or in the giving of instructions to the jury could not affect any substantial, constitutional, or statutory right of the plaintiff, and therefore are to be treated as harmless by this court under the statute. Section 3206, O. S. 1931, 22 Okla. St. Ann. § 1068.

Judgment affirmed.

BAYLESS, C. J., WELCH, V. C. J., and CORN, HURST, and DAVISON, JJ., concur.